Davis, P. J.
This action was brought to recover for work, labor services, and for money laid out and expended. At this stage of an action, to wit, on appeal from a judgment entered upon the findings of a referee, every presump- 0 tion is, of course, in favor of the correctness of the judgment and of the findings on which it was recovered. The findings of fact of the learned referee in this case are abundantly sufficient to sustain his conclusions of law.
The counsel for the appellant fails to point out any specific error of the referee in the course of the trial. He claims, in general terms, that the evidence was not sufficient to show that the plaintiff was employed by the defendant. That it does not show sufficient authority on the part of the persons who employed; that it does not satisfactorily appear that he expended the money for which he has judgment for the benefit of the defendants or at the request of its properly authorized agents. The case was tried by the parties in a most confused and heterodox manner; and it is difficult, on reading the case, to get any very clear idea of what is actually established by it. It leaves upon the mind of the reader a pretty decided impression that the plaintiff was really employed on behalf of defendant and did render services and did pay out moneys for defendant’s benefit for which he ought to be paid. The referee brooded over the semi-chaos created by evidence and out of it evolved facts sufficient to uphold the judgment. He did not write an opinion—perhaps he could not write one satisfactory to himself. In the volume of confusion handed up to us we do not see in its perusal any error sufficiently opaque to compel us to interfere with his conclusions.
There are some errors, mostly formal, in admitting evidence, the admissibility of which depended upon subsequent proof of other facts; but we are not shown clearly that such evidence was not afterwards supplied—or that on failure to supply it the referee did not disregard the conditional evidence; and so we do not think there is any fatal error apparent arising from that somewhat dangerous course of trying an issue. We might very likely have reached different conclusions on the evidence than those of the learned referee, and if, upon the same case, he had found differently than he has we should not have disturbed his judgment.
On the whole, we think substantial justice has been done, and the judgment is, therefore, affirmed. °
Daniels and Brady, JJ., concur.